## MILLER *v*. HARDACRE.

A judgment by *nil dicit* cannot be rendered when there is a plea of general issue on file in the case, unless the plea is expressly or tacitly withdrawn ; and such withdrawal will be presumed, if it appears by the record that defendant's counsel was in court at the time judgment was rendered against his client, and made no objection.

ERROR, *to Cedar District Court.*

*John P. Cook*, for the plaintiff in error.   This was an action of assumpsit, brought by Hardacre against Miller, in the district court, Cedar county, returnable to September term, 1846. The presiding judge failing to hold a term in September, this cause, among others, stood continued until the May term, 1847.

On the first day of May term, the defendant below, by Cook, his attorney, filed a plea of the general issue ; and on the 20th of said May the plaintiff took judgment by *nil dicit*, for want of a plea ; as will be seen by the record, and the clerk assessed

Miller *v*. Hardacre.

the damages; in this the court erred. The cause should have been tried by a jury. The court below could not enter judgment by default, when the plea of the general issue was pending and undetermined. *Davis v. Brady*, Morris, 101.

*S. C. Hastings*, for the defendant. The judgment is by *nil dicit*, and not by default. So the case of *Davis* v. *Brady* is not pertinent; that being a judgment by default.

The record shows that defendant below was in court with the plea of non-assumpsit, and permitted judgment to be rendered by *nil dicit*, the defendants below refusing to insist on or urge their pleas. The plaintiff in error should affirmatively show that his plea was not withdrawn.

The judgment was rendered on promissory notes, and it was not necessary to call a jury to assess damages.

A judgment by *nil dicit* implies a withdrawal of pleas.

See the case of *Coutch* and *Kinsman*, Morris, 355.

*J. P. Cook*, in reply to Mr. Hastings. The case cited by defendant in error is not analogous to this case.

There, the defendant interposed a demurrer to plaintiff's declaration, which was filed with other pleas: The record does not show that the demurrer was called up, consequently it is to be presumed that the defendant waived his demurrer and went to trial on his other pleas : whereas in this case the general issue was filed, and the entry of the judgment says that " the defendant failing to plead, judgment by *nil dicit*," &c. Now this is nothing more nor less than a default, and the effect upon the plaintiff in error amounts to that; for the judgment is entered for want of a plea, when the record shows the plea to have been filed the first day of the term; and it is too well settled that no such judgment can be entered until the plea is in some way disposed of.

*Opinion by* GREENE, J. This was an action of assumpsit, in which judgment was rendered by *nil dicit*. It is claimed that the court erred in rendering such a judgment after a plea

Miller *v.* Hardacre.

of general issue had been filed.   Certainly if such a plea was pending before the court, it was grossly erroneous to render a judgment by *nil dicit ;* for the very character of the judgment implies a failure to plead.   It appears by the transcript of the record that a plea was filed; but it does not appear to have been called up for the action of the court.   In the case of *Coutch and Kinsman* v. *Barton,* Morris, 354, it was decided that it is the duty of the court to entertain such questions only as are called up for action.   Still it may well be assumed that when a plea is properly filed in a case the court should recognize it.   But the mere filing of a plea, without notice, reference, or attention to it by the pleader, is not sufficient to bring the matter within the cognizance of the court, especially when the party is in court at the rendition of the judgment and makes no objection.   Indeed, such conduct would imply an abandonment of the plea.   And we have, in this case, an authentic reason to infer an abandonment or withdrawal of the plea.   In the judgment of the court, it is averred, that the parties appeared by their attorneys, and that the defendant failed to plead.   Thus it appears that the defendant's counsel was present, and by his silence, at least acquiesced in the proceedings of the court; and in its decision that there was a failure to plead.   Had not the record shown that defendant's counsel was present when judgment was rendered, and failed to plead, it appearing by the transcript that there had been a plea previously filed, we should have been under the necessity of reversing the judgment.   But the facts stated in the record entry of the judgment, under the particular supervision of the court, we must regard as paramount to the plea copied into the transcript.

Generally, as a matter of wise precaution, it would be well for the district judges to inquire particularly into the state of pleadings before rendering a judgment by *nil dicit.*   Under the circumstances of this case, and the judgment appearing to have been justly entered upon a plain note of hand, it must be affirmed.

Judgment affirmed.